# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MARK ROSHAWN ADKINS, by and through his successor-in-interest Collette Adkins; COLLETTE ADKINS, individually and in her capacity as successor-in-interest,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; WILLIAM GORE, individually and in his official capacity; ARMIN VIANZON, individually and his official capacity; JEFFREY PERINE, individually and in his official capacity; and DOES 1–20, individually and in their official capacities,<br><br>Defendants. | Case No.: 3:18-cv-00371-H-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 7] |

On March 26, 2018, Defendants William Gore, Armin Vianzon, Jeffrey Perine, and the County of San Diego ("Defendants") filed a motion to dismiss Plaintiff Collette Adkins' ("Plaintiff") complaint. (Doc. No. 7.) Plaintiff opposed the motion on April 16, 2018, (Doc. No. 8), and Defendants filed a reply on April 23, 2018. (Doc. No. 12.) That same day, the Court took the matter under submission. (Doc. No. 11.) For the reasons that follow, the Court grants in part and denies in part Defendants' motion.

# **Background**[1]

This suit arises out of Mark Roshawn Adkins' ("Adkins") death in Lemon Grove, California on May 20, 2017. That morning, at approximately 8:15 a.m., Corporal Armin Vianzon and Deputy Jeffrey Perine of the San Diego County Sheriff's Department "responded to 911 calls regarding a person jumping over fences in the townhome community located at 8186 Lemon Grove Way." (Doc. No. 1, Complaint, at ¶ 18.) At the scene, Vianzon and Perine encountered Adkins by the door to one of the townhomes, approximately one block away from his mother's residence. (Id. at ¶¶ 19–20.) During the encounter that followed, the deputies deployed an electronic control device ("taser") against Adkins, bringing him to the ground. (Id. at ¶ 1.) While Adkins was "lying on his back in a supine position with his legs out in front of him and both hands in the air," the deputies repeatedly ordered him to roll over onto his stomach and put both hands behind his back. (Id. at ¶¶ 24–25, 27–29, 31.) Adkins "attempted to roll over to his right side but was unable to physically rotate his upper torso completely over onto his stomach." (Id. at ¶ 26.) The deputies then tasered him several additional times, totaling "at least four" during the encounter. (Id. at ¶¶ 22, 37.)

After the repeated tasings, Adkins' condition "rapidly deteriorated." (Id. at ¶ 33.) Although paramedics arrived several minutes later and moved Adkins into an ambulance, he "died before arriving at the hospital." (Id. at ¶ 34–35.)

On February 21, 2018, Plaintiff (Adkins' wife) brought this lawsuit under 42 U.S.C. § 1983 against Defendants in her individual capacity, and as Adkins' successor-in-interest, asserting claims for: (i) excessive force, battery, and negligence against Vianzon and Perine; (ii) failure to train/supervise and negligent supervision against San Diego County Sheriff William Gore and the County itself; and (iii) violations of California's Bane Act, Cal. Civ. Code § 52.1, against all Defendants. (Id. at ¶¶ 56–123.) In the motion before the

---

[1] The following facts, drawn from the complaint, are assumed true in evaluating Defendants' motion to dismiss. See, e.g., Fry v. Napoleon Cmty. Schs., 137 S. Ct. 743, 751 n.2 (2017).

Court, Defendants seek to dismiss the complaint in its entirety. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367(a), and the matter is ripe for decision.

**Discussion**

**I.     Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The parties agree that Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs each of Plaintiff's claims.

The Supreme Court has explained that:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But a court need not accept "legal conclusions" as true. Ashcroft, 556 U.S. at 678. Further, it is improper for a court to assume the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine

whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "'A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

**II. Analysis**

In their motion papers, Defendants argue that: (i) this suit should be dismissed in its entirety because Plaintiff has not met her burden to show that she is Adkins' successor-in-interest; (ii) Plaintiffs' excessive force claims against Vianzon and Perine are deficient because the complaint does not specific which officer tased Adkins and in what order; (iii) Plaintiff's claims against Sheriff Gore and the County for inadequate training/supervision fail because the complaint does not plead a pattern of constitutional violations; (iv) Plaintiff's common law battery and negligence claims are barred because Vianzon and Perine's use of force was reasonable under the circumstances; and (v) Plaintiff's Bane Act claim fails because the County is not subject to Bane Act liability, and Plaintiff cannot state a Bane Act claim premised on an officer's use of excessive force without also pleading a claim for unlawful arrest. (Doc. No. 7-1.) In response, Plaintiff insists that her claims are adequately pled, and that several of Defendants' arguments either rely on erroneous legal theories, or are otherwise not appropriate for resolution on a motion to dismiss. (Doc. No. 8.) The Court addresses each of the parties' disputes in turn.

**A. Plaintiff's Successor-in-Interest Status**

Defendants first argue that Plaintiff has not established that she has standing to bring claims as Adkins' successor-in-interest, and ask the Court to dismiss the complaint on that basis. (Doc. No. 7-1 at 4–5.) The Court concludes that Plaintiff has made a sufficient showing at this stage of the litigation that she is Adkins' successor-in-interest to proceed with her claims.

An individual's capacity to sue or be sued in a federal court is governed "by the law

4

3:18-cv-0371-H-JMA

of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3). Relatedly, a "claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action." Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006). "Under California law, if an injury giving rise to a liability occurs before a decedent's death, then the claim survives to the decedent's estate." Id. (citing Cal. Code Civ. P. § 377.30). "Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfied the requirements of California law[.]" Id. (citing Cal. Code Civ. P. §§ 377.30, 377.32); see also Fed. R. Civ. P. 17(a)(1)(G) (providing that "a party authorized by statute" may "sue in their own names without joining the person for whose benefit the action is brought"). The California Civil Procedure Code provides that a "person who seeks to commence an action or proceeding . . . as the decedent's successor in interest" must "execute and file an affidavit or a declaration under penalty of perjury" stating: (1) the "decedent's name"; (2) the "date and place of the decedent's death"; (3) that no "proceeding is now pending in California for administration of the decedent's estate"; (4) if "the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest"; (5) that the affiant is the decedent's successor in interest; and (6) that no "other persons has a superior right to commence the action or proceeding." Cal. Civ. P. Code § 377.32(a).

In this suit, Plaintiff attached a declaration to her complaint stating under penalty of perjury:

1. I am over the age of 18 and am competent to testify in this matter.
2. I am the wife of Mark Roshawn Adkins, who died on May 20, 2018 in Lemon Grove, County of San Diego, California.
3. No proceeding is now pending in the State of California for the administration of the Estate of Mark Roshawn Adkins.
4. I am the successor in interest to Mark Roshawn Adkins, as defined in Section

377.11 of the California Code of Civil Procedure, and succeed to his interest in the above-captioned action under California Probate Code § 6402(b).

5. No other person has a superior right to commence the above-captioned action or to be substituted for Mark Roshawn Adkins in the above-captioned action.

(Doc. No. 1-2.)

Initially, Defendants argued that Plaintiff's declaration is deficient because it both failed to attach Adkins' death certificate, and failed to adduce sufficient facts to show that none of Adkins' heirs have a superior right to commence this proceeding. (Doc. No. 7-1 at 4–5.) However, Plaintiff attached copies of her marriage certificate and Adkins' death certificate to her opposition brief, (see Doc. Nos. 8-1, 8-2), and Defendants now argue that this suit should be dismissed because "Plaintiff still has not provided factual support that she is the only individual who has an interest in [Adkins'] estate." (Doc. No. 12 at 1–2.)

But California does not require that Plaintiff be the only individual with an interest in Adkins' estate. Rather, it requires that she aver that "[n]o other person has a superior right to commence the action or proceeding," Cal. Civ. P. Code § 377.32(1)(6), and Plaintiff has indisputable done so. (Doc. No. 1-2 at ¶ 5.) Plaintiff's burden to establish standing at the pleading stage is not onerous, and the Court concludes Plaintiff has made a sufficient showing that she is Adkins' successor-in-interest to proceed with her claims. See Nishimoto v. County of San Diego, No. 3:16-cv-01974-BEN-JMA, 2016 WL 8737349, at *4 (S.D. Cal. Nov. 6, 2016) (finding materially similar declaration sufficient at the pleading stage to satisfy Civil Procedure Code § 377.32(a)). Defendants are "not prevented from challenging Plaintiff's standing at the summary judgment stage, and Plaintiff may supplement her declaration to set forth additional facts to support her designation as [Adkins'] Successor in Interest." Id. At this early stage, however, it is enough that Plaintiff has filed a declaration that facially complies with Civil Procedure Code § 377.32(a), and that the record discloses no reason to believe that some other person has a superior right to commence this lawsuit.

## B. Claims 1–3: Excessive Force

Defendants' next argue that the Court should dismiss Plaintiff's three excessive force claims against Vianzon and Perine because the complaint "does not allege specific facts indicating whether it was Corporal Vianzon or Deputy Perine who tased Adkins after he refused to comply with their demands." (Doc. No. 7-1 at 8–9.) The Court rejects this argument because adopting it would preclude most excessive force actions involving multiple officers and a deceased victim. "Defendants' arguments to the contrary, Plaintiff is not obligated to describe which blow she contends was landed by which officer nor is she required to identify which officer(s)" tased Adkins in what order. Dominguez v. County of Kern, No. 1:14-cv-00419 LJO JLT, 2014 WL 2574798, at *6 (E.D. Cal. June 9, 2014), report and recommendation adopted 2014 WL 2919157 (E.D. Cal. June 26, 2014). "Given Plaintiff was not present and [Adkins] is dead, requiring her to do so would place an impossible pleading burden upon her." Id.

Plaintiff's complaint alleges that Vianzon and Perine repeatedly tased Adkins while he was lying incapacitated on the ground with his hands visible to the officers. (Doc. No. 1 at ¶¶ 1, 22, 24–31.) Taken as true, these allegations give rise to a reasonable inference that both Vianzon and Perine participated in the alleged excessive force. Cf. Gilbrook v. City of Westminster, 177 F.3d 839, 854 (9th Cir. 1999) (a defendant's personal participation in the constitutional violation is required for § 1983 liability). If the evidence developed during discovery demonstrates that either Vianzon or Perine had no personal involvement in the tasings, that officer can renew his arguments in a motion for summary judgment.

## C. Claims 4 and 7: Inadequate Training/Supervision

Defendants next ask the Court to dismiss Plaintiff's federal and state law claims alleging that San Diego County and Sheriff Gore failed to adequately train and supervise Vianzon and Perine to prevent their allegedly unlawful taser usage. The Ninth Circuit has explained that:

Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute . . .

> custom, or usage of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction of [the United States] to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." Neither state officials nor municipalities are vicariously liable for the deprivation of constitutional rights by employees. [Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).] Rather, as to a municipality, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." [City of Canton v. Harris, 489 U.S. 378, 388 (1989).] This means that [Plaintiff] "must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim." [Price v. Sery, 513 F.3d 962, 973 (9th Cir. 2008).] As to an official in his individual capacity, the same standard applies—[Plaintiff] must show that [Gore] was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights. [Connick v. Thompson, 563 U.S. 51, 59 (2011)].
>
> Under this standard, [Plaintiff] must allege facts to show that the County and [Gore] "disregarded [the] known or obvious consequence [. . .] that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights." [Id. at 61.] (internal quotation marks omitted).

Flores v. County of Los Angeles, 758 F.3d 1154, 1158–59 (9th Cir. 2014) (footnote omitted, bracketed alterations added).

The County and Sheriff Gore argue that the complaint fails to plead a pattern of constitutional violations sufficient to support § 1983 liability under City of Canton. (Doc. No. 7-1 at 11–14.) See Connick, 563 U.S. at 62 ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." (citation omitted)). Sheriff Gore also argues that the complaint fails to plead his personal participation in any alleged deprivation of Adkins' constitutional rights. (Doc. No. 7-1 at 6–7.) In response, Plaintiff points to five other state and federal lawsuits against the County and various Sheriff's deputies alleging unlawful taser usage, (see Doc. No. 1 at ¶¶ 50–51, 87), and argues that these suits put Defendants on notice that their taser usage policies were inadequate, and that additional

8

training and supervision was needed. (Doc. No. 8 at 7–8, 9–10.) The Court has reviewed the allegations in the complaint, and concludes that Plaintiff has pled sufficient facts to proceed to discovery on her training and supervision-based claims. Defendants may renew their argument that Plaintiff has failed to show a pattern of constitutional violations at the summary judgment stage.

However, the Court notes that San Diego County is correct that it cannot be held liable under Plaintiff's state law negligent supervision theory. California courts have held "that a direct claim against a governmental entity asserting negligent hiring and supervision, when not grounded in the breach of a statutory imposed duty owed by the entity to injured party, may not be maintained." de Villers v. County of San Diego, 156 Cal. App. 4th 238, 266 (2007). The Court therefore dismisses Plaintiff's seventh cause of action for negligent training and supervision insofar as it seeks to assert liability against the County.

### D. Claims 5–6: Battery and Negligence

Vianzon and Perine next ask the Court to dismiss Plaintiff's common law claims for battery and negligence, arguing that their use of force against Adkins was reasonable, and thus privileged. (Doc. No. 7-1 at 15–16.) See Saman v. Robbins, 173 F.3d 1150, 1157 n.6 (9th Cir. 1999) ("A prima facie case for battery is not established under California law unless the plaintiff proves that an officer used unreasonable force against him to make a lawful arrest or detention."); Hayes v. County of San Diego, 57 Cal. 4th 622, 637 (2013) (holding that negligence claims against peace officers in cases involving the use of deadly force are assessed under a reasonableness standard). The County argues that because Vianzon and Perine's conduct was reasonable, it cannot be held vicariously liable for their conduct under California Government Code § 815.2(b).[2] (Doc. No. 7-1 at 17.)

---

[2] The County also argues that it is immune from Plaintiff's common law battery claim, because that claim is not a statutory cause of action. (Doc. No. 7-1 at 17–18.) See Tuthill v. City of San Buenaventura, 223 Cal. App. 4th 1081, 1088 (2014) ("Section 815 abolished all common law or judicially declared forms of liability against public entities, except for such liability as may be required by the federal or state

9

3:18-cv-0371-H-JMA

"Determining the reasonableness of an officer's actions is a highly fact-intensive task for which there are no per se rules." Torres v. City of Madera, 648 F.3d 1119, 1124 (9th Cir. 2011). The Court concludes that the reasonableness of Vianzon and Perine's actions would be better resolved at the summary judgment stage when the record has been more developed, and the Court can assess whether the question turns on material factual disputes. See id. at 1123 ("Where the objective reasonableness of an officer's conduct turns on disputed issues of material fact, it is 'a question of fact best resolved by a jury.'" (citation omitted)). At this stage, it is sufficient to note that the facts alleged in the complaint, taken as true, could support a reasonable inference that Vianzon and Perine's use of force was unreasonable. See Jones v. Las Vegas Metro. Police Dep't, 873 F.3d 1123, 1132 (9th Cir. 2017) ("[C]ontinuous, repeated and simultaneous tasings are different from isolated shocks. Any reasonable officer would have known that such use can only be justified by an immediate or significant risk of serious injury or death to officers or the public.").

### E. Claim 8: Bane Act

Finally, Defendants seek to dismiss Plaintiff's claim under Civil Code § 52.1, commonly referred to as the Bane Act. The Bane Act creates a private cause of action for damages and equitable relief available to any "individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States . . . has been interfered with" by "a person or persons" using "threat, intimidation, or coercion . . . ." Cal. Civ. Code § 51.2(a)–(b). The Ninth Circuit has explained that:

> The Tom Bane Civil Rights Act, 1987 Cal. Stat. 4544, was enacted in 1987 to address hate crimes. The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out "by threats, intimidation or coercion." See Venegas v. County of Los Angeles, 63 Cal. Rptr. 3d 741, 742 (Cal. Ct. App. 2007). Section 52.1 "provides a cause of action for violations

---

Constitution." (citation omitted)). However, Plaintiff only asserted the battery claim against Defendants Vianzon, Perine, and Does 1-10, (see Doc. No. 1 at 18), and not the County.

of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1105 (9th Cir. 2014) (quoting Cal. Civ. Code § 52.1). Claims under section 52.1 may be brought against public officials who are alleged to interfere with protected rights, and qualified immunity is not available for those claims. See Venegas, 63 Cal. Rptr. 3d at 753.

Reese v. County of Sacramento, No. 16-16195, 2018 WL 1902416, at *6 (9th Cir. Apr. 23, 2018) (published) (footnote omitted). Plaintiff alleges a Bane Act violation premised on the same facts as her Fourth Amendment excessive force claims.

Defendants offer two arguments for dismissing Plaintiff's Bane Act claim. First, citing Venegas v. County of Los Angeles, 153 Cal. App. 4th 1230 (2007), the County argues that it is not a "person" within the meaning of section 52.1(a), and is therefore immune from Bane Act liability. (Doc. No. 7-1 at 18.) However, as the Court has previously explained in confronting this same argument:

> [T]he case Defendants cite to support this argument does not address the issue and in fact holds that the County of Los Angeles was not entitled to summary adjudication on a § 52.1 cause of action based on a qualified immunity argument. Venegas, 153 Cal. App. 4th at 1246–47. Defendants also cite California Civil Code § 14 for their argument that the County cannot be liable under § 52.1. (Doc. No. 2 at 5.) Section 14 states that, "the word person includes a corporation as well as a natural person." Defendants have not made a sufficient showing that this definition does not encompass California counties, especially in light of the many cases naming counties as defendants in § 52.1 causes of action. [citations]

Shoval v. Sobzak, No. 09-cv-01348-H-JMA, 2009 WL 2780155, at *3 (S.D. Cal. Aug. 31, 2009) (Huff, J.). The Court also notes that other federal courts confronting this argument have reached the same conclusion. See, e.g., Darraj v. County of San Diego, No. 11-cv-1657-AJB-BGS, 2013 WL 1796990, at *14 (S.D. Cal. Apr. 29, 2013) ("Contrary to Defendants' contentions, the Court finds both the County and the individual deputies are subject to the Bane Act."); Dorger v. City of Napa, No. 12cv440 YGR, 2012 WL 3791447, at *7 (N.D. Cal. Aug. 31, 2012) ("The City offers no authority for the notion that it cannot be considered a 'person' . . . to the contrary, the authorities interpreting the statute show

that a public entity can be liable for 'misconduct that interferes with federal or state laws, if accompanied by threats, intimidation, or coercion, [ ] whether or not state action is involved[.]'"); Cameron v. Blether, No. 09cv2498 IEG (WMc), 2010 WL 1202318, at *5 (S.D. Cal. March 23, 2010) (rejecting City of San Diego's argument that the Bane Act did not apply to government entities).

Second, Vianzon and Perine argue that an officer's use of excessive force is not sufficient, standing alone, to support a Bane Act violation, and that Plaintiff's claim must fail because she has not coupled her excessive force claim with an unlawful arrest claim. (Doc. No. 7-1 at 19.) However, this argument is inconsistent with binding Ninth Circuit precedent. In Reese v. County of Sacramento, a published decision issued earlier this week, the Ninth Circuit held "that the use of excessive force can be enough to satisfy the 'threat, intimidation or coercsion' element of Section 52.1." 2018 WL 1902416, at *8 (quoting Cornell v. City & Cty. of San Francisco, 17 Cal. App. 5th 766, 799 & n.31 (2017)). Evaluating recent California case law, the Ninth Circuit drew "two conclusions as to the necessary showing for an excessive force claim under the Bane Act." Id. "First, the Bane Act does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged." Id. "Second, the Bane Act requires a 'specific intent to violate the arrestee's right to freedom from unreasonable seizure.'" Id. (quoting Cornell, 17 Cal. App. 5th at 801).

Here, Plaintiff's complaint alleges that Vianzon and Perine "intentionally committed and attempted to commit acts of violence against Mr. Adkins, including using excessive force by tasing him multiple times without justification or excuse[.]" (Doc. No. 1 at ¶ 116.) Under Reese, these allegations are sufficient to state a Bane Act claim because they allege both excessive force and specific intent. Because the Ninth Circuit does not require Bane Act plaintiffs to allege "threat, intimidation or coercion" transactionally separate from the underlying constitutional violation, the Court rejects Vianzon and Perine's argument that Plaintiff was required to plead an unlawful arrest claim to succeed on her excessive force theory. Reese, 2018 WL 1902416, at *8.

## **Conclusion**

For the foregoing reasons, the Court concludes that while California law bars Plaintiff from asserting a common law negligent training/supervision claim against the County of San Diego, each of Plaintiff's remaining causes of action are adequately pled. As a result, the Court grants Defendants' motion to dismiss Plaintiff's seventh cause of action as to San Diego County (but not as to Sheriff Gore or the Doe Defendants), and denies the motion in all other respects.

**IT IS SO ORDERED.**

DATED: April 25, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT