UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF MARK ROSHAWN ADKINS, by and through his successor-in-interest Collette Adkins; COLLETTE ADKINS, individually and in her capacity as successor-in-interest,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; et al.,<br><br>Defendants. | Case No.: 18-cv-00371-H-MDD<br><br>**ORDER:**<br><br>**1. DENYING PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' WRONGFUL DEATH EXPERTS**<br><br>**2. DENYING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S POLICE PRACTICES AND PROCEDURES EXPERT**<br><br>[Doc. Nos. 50, 51] |

On May 6, 2019, Plaintiff Collette Adkins ("Plaintiff") filed a motion to exclude Defendants' wrongful-death experts, (Doc. No. 51) and Defendants County of San Diego, William Gore, Armin Vianson, and Jeffrey Perine (collectively, "Defendants") filed a motion to exclude Plaintiff's police practices and procedures expert, (Doc. No. 50). On May 20, 2019, the parties filed oppositions. (Doc. Nos. 60, 64.) On May 23, 2019, the

Court submitted the motions on the parties' papers. (Doc. No. 68.) On May 24, 2019, the parties filed their replies. (Doc. Nos. 70, 72.) For the following reasons, the Court denies both motions.

**I.     Legal Standard**

"Under Daubert, the district judge is 'a gatekeeper, not a fact finder.' When an expert meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." Primiano v. Cook, 598 F.3d 558, 564-65 (9th Cir. 2010). Under Federal Rule of Evidence 702, an expert's testimony is permissible if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." "'[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology.'" Primiano, 598 F.3d at 564 (quoting Daubert v. Merrell Dow Pharm., Inc., 43 F.3d 1311, 1318 (9th Cir. 1995)).

Whether to admit or exclude expert testimony lies within the trial court's discretion. GE v. Joiner, 522 U.S. 136, 141-42 (1997); United States v. Calderon-Segura, 512 F.3d 1104, 1109 (9th Cir. 2008). "A trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." Mukhtar v. Cal. State Univ., 299 F.3d 1053, 1064 (9th Cir. 2002). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano, 598 F.3d at 564 (citing Daubert, 509 U.S. at 596). "Given that the judge is 'a gatekeeper, not a fact finder,' the gate [sh]ould not be closed to . . . relevant opinion offered with sufficient foundation by one qualified to give it." Id. at 568 (quoting United States v. Sandoval-Mendoza, 472 F.3d 645, 654 (9th Cir. 2006)).

Expert testimony is also subject to the other rules of evidence. See, e.g., Sundance, Inc. v. Demonte Fabricating Ltd., 550 F.3d 1356, 1363 (Fed. Cir. 2008) ("Admission of

2

18-cv-00371-H-MDD

Court submitted the motions on the parties' papers. (Doc. No. 68.) On May 24, 2019, the parties filed their replies. (Doc. Nos. 70, 72.) For the following reasons, the Court denies both motions.

**I.     Legal Standard**

"Under Daubert, the district judge is 'a gatekeeper, not a fact finder.' When an expert meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." Primiano v. Cook, 598 F.3d 558, 564-65 (9th Cir. 2010). Under Federal Rule of Evidence 702, an expert's testimony is permissible if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." "'[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology.'" Primiano, 598 F.3d at 564 (quoting Daubert v. Merrell Dow Pharm., Inc., 43 F.3d 1311, 1318 (9th Cir. 1995)).

Whether to admit or exclude expert testimony lies within the trial court's discretion. GE v. Joiner, 522 U.S. 136, 141-42 (1997); United States v. Calderon-Segura, 512 F.3d 1104, 1109 (9th Cir. 2008). "A trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." Mukhtar v. Cal. State Univ., 299 F.3d 1053, 1064 (9th Cir. 2002). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano, 598 F.3d at 564 (citing Daubert, 509 U.S. at 596). "Given that the judge is 'a gatekeeper, not a fact finder,' the gate [sh]ould not be closed to . . . relevant opinion offered with sufficient foundation by one qualified to give it." Id. at 568 (quoting United States v. Sandoval-Mendoza, 472 F.3d 645, 654 (9th Cir. 2006)).

Expert testimony is also subject to the other rules of evidence. See, e.g., Sundance, Inc. v. Demonte Fabricating Ltd., 550 F.3d 1356, 1363 (Fed. Cir. 2008) ("Admission of

Court submitted the motions on the parties' papers. (Doc. No. 68.) On May 24, 2019, the parties filed their replies. (Doc. Nos. 70, 72.) For the following reasons, the Court denies both motions.

**I.     Legal Standard**

"Under Daubert, the district judge is 'a gatekeeper, not a fact finder.' When an expert meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the jury decides how much weight to give that testimony." Primiano v. Cook, 598 F.3d 558, 564-65 (9th Cir. 2010). Under Federal Rule of Evidence 702, an expert's testimony is permissible if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." "'[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology.'" Primiano, 598 F.3d at 564 (quoting Daubert v. Merrell Dow Pharm., Inc., 43 F.3d 1311, 1318 (9th Cir. 1995)).

Whether to admit or exclude expert testimony lies within the trial court's discretion. GE v. Joiner, 522 U.S. 136, 141-42 (1997); United States v. Calderon-Segura, 512 F.3d 1104, 1109 (9th Cir. 2008). "A trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." Mukhtar v. Cal. State Univ., 299 F.3d 1053, 1064 (9th Cir. 2002). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano, 598 F.3d at 564 (citing Daubert, 509 U.S. at 596). "Given that the judge is 'a gatekeeper, not a fact finder,' the gate [sh]ould not be closed to . . . relevant opinion offered with sufficient foundation by one qualified to give it." Id. at 568 (quoting United States v. Sandoval-Mendoza, 472 F.3d 645, 654 (9th Cir. 2006)).

Expert testimony is also subject to the other rules of evidence. See, e.g., Sundance, Inc. v. Demonte Fabricating Ltd., 550 F.3d 1356, 1363 (Fed. Cir. 2008) ("Admission of

expert testimony remains subject to the Rules of Evidence . . . ."). For instance, expert testimony must be relevant to be admissible. Fed. R. Evid. 402. Evidence is relevant if it is probative of a fact that is of consequence in determining the action. Fed. R. Evid. 401. The court may exclude evidence if the risk of unfair prejudice substantially outweighs the evidence's probative value. Fed. R. Evid. 403.

## II. Plaintiff's motion to exclude Defendants' wrongful-death experts

Plaintiff argues that Defendants' wrongful death experts should be excluded from testifying or providing opinions at trial because Plaintiff did not bring a wrongful death claim and the experts are not qualified to testify as to whether the tasing contributed to Mr. Adkins's death. (Doc. No 51 at 5–12.) After considering the briefs, the law, and the relevant expert reports and depositions, the Court concludes that Plaintiff's objections more properly go to the weight, not the admissibility, of the opinions. Accordingly, the Court denies Plaintiff's motion to exclude without prejudice subject to a contemporaneous objection at the time of trial.

## III. Defendants' motion to exclude Plaintiff's police practices and procedures expert

Defendants argue that Plaintiff's police practices and procedures expert bases his opinions on an unreliable methodology and that he opines on matters outside of his expertise. (Doc. No 50-1 at 11–28.) After considering the briefs, the law, and the relevant expert reports and depositions, the Court concludes that Defendants' objections likewise more properly go to the weight, not the admissibility, of the expert's opinions. Accordingly, the Court denies Defendants' motion to exclude without prejudice subject to a contemporaneous objection at the time of trial.

**IT IS SO ORDERED.**

DATED: June 7, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT